1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  JEFFREY A. BARKER (S.B. #166327)
   jbarker@omm.com
3  CARLOS M. LAZATIN (S.B. #229650)
   clazatin@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  ANTHONY M. GLASSMAN (S.B. #37934)
   amg@gbsjlaw.com
8  GLASSMAN, BROWNING, SALTSMAN
   & JACOBS, INC.
9  360 North Bedford Drive, Suite 204
   Beverly Hills, California 90210-5157
10 Telephone:   (310) 278-5100
   Facsimile:   (310) 271-6041
11
   Attorneys for Defendant
12 SKECHERS U.S.A., INC.

13

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16 SONIA STALKER, on behalf of          Case No.  2:10-cv-05460-SJO (JEM)
   herself, all others similarly situated,
17 and the general public,

18              Plaintiffs,

19        v.                             DEFENDANT SKECHERS U.S.A.,
                                         INC.'S NOTICE OF MOTION AND
20 SKECHERS U.S.A., INC. and             MOTION TO DISMISS OR, IN THE
   DOES 1 through 100, Inclusive,        ALTERNATIVE, STAY OR
21                                       TRANSFER PROCEEDINGS;
              Defendants.                MEMORANDUM OF POINTS AND
22                                       AUTHORITIES

23                                       Judge:       Hon. S. James Otero
                                         Courtroom:   1
24                                       Date:        Sept. 20, 2010
                                         Time:        10:00am
25

26

27

28

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2           PLEASE TAKE NOTICE that, on September 20, 2010, at 10:00 a.m. or as

3    soon thereafter as the matter may be heard, before the Honorable S. James Otero,

4    United States District Judge, sitting in Courtroom 1 of the United States Courthouse,

5    located at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Skechers

6    U.S.A., Inc. ("Skechers") will and does hereby move the Court for an order

7    dismissing or, in the alternative, staying or transferring this action to the United

8    States District Court for the Southern District of California.

9           The Motion is brought on the grounds that a previously filed action involving

10   substantially identical parties and claims is already pending in the Southern District

11   of California, styled *Tamara Grabowski v. Skechers U.S.A., Inc.*, Case No.

12   10CV1300-JM (WVG).  Under established Ninth Circuit precedent, the second-filed

13   action currently pending in this Court should be dismissed or, in the alternative,

14   stayed or transferred to the Southern District in order to conserve judicial and party

15   resources and avoid the potential for conflicting judgments.

16          This motion is made following an August 11, 2010 conference of counsel

17   pursuant to Local Rule 7-3 and this Court's Standing Order.  The parties were

18   unable to reach a resolution, necessitating the instant motion.  The motion is based

19   upon this Notice of Motion and Motion; the accompanying Memorandum of Points

20   and Authorities; the accompanying Declaration of Jeffrey A. Barker and attachments

21   thereto; the complete files and records in this action; oral argument of counsel; and

22   such other and further matters as this Court may consider.

23   Dated:    August 23, 2010              O'MELVENY & MYERS LLP

24

25                                          By: /s/Daniel M. Petrocelli
                                                Daniel M. Petrocelli
26

27                                          Attorneys for Defendant
                                            SKECHERS U.S.A., INC.
28
                                        1

# <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION .................................................................................................1

II.  THE FIRST-TO-FILE RULE PREVENTS A SECOND-FILED
     ACTION, SUCH AS THIS CASE, FROM PROCEEDING .........................1

III. THIS ACTION SHOULD BE DISMISSED IN LIGHT OF THE
     FIRST-FILED *GRABOWSKI* ACTION PENDING IN THE
     SOUTHERN DISTRICT ........................................................................3

     A.   *Grabowski* Was Filed First in Time ...............................................3

     B.   Parties Are Substantially Identical ..................................................4

     C.   Claims and Factual Allegations Are Substantively Identical...............6

     D.   Where, as Here, There Is a Complete Identity of Parties and
          Issues, Dismissal Is Appropriate ....................................................7

IV.  CONCLUSION...............................................................................................8

1

# TABLE OF AUTHORITIES

2

**Page**

3 **Cases**

4 *Adoma v. Univ. of Phoenix, Inc.,*
   2010 WL 1797263 (E.D. Cal. May 3, 2010) ........................................4, 6
5

*Alioto v. Hoiles,*
6   2004 WL 2326367 (N.D. Cal. Oct. 12, 2004) ..................................4, 6

7 *Alltrade, Inc. v. Uniweld Prod., Inc.,*
   946 F.2d 622 (9th Cir. 1991) ...................................................passim
8

*Benson v. JPMorgan Chase Bank,*
9   2010 WL 1445532 (N.D. Cal. April 7, 2010) ...............................4

10 *Bryant v. Oxxford Express,*
   181 F. Supp. 2d 1045 (C.D. Cal. 2000) ......................................8
11

*Church of Scientology v. United States Dep't of the Army,*
12   611 F. 3d 738 (9th Cir. 1979) ................................................2

13 *Dist. Council 37 Health & Sec. Plan v. McKesson Corp.,*
   2006 WL 1305235 (N.D. Cal. May 11, 2006) ...............................6
14

*In re Com21, Inc.,*
15   357 B.R. 802 (N.D. Cal. 2006) ...............................................6

16 *Inherent.com v. Martindale-Hubbell,*
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) .....................................2, 4
17

*Intersearch Worldwide Ltd. v. Intersearch Group, Inc.,*
18   544 F.Supp.2d 949 (N.D. Cal. Mar. 19, 2008) ............................2, 6

19 *Intuitive Surgical v. California Inst. of Tech.,*
   2007 WL 1150787 (N.D. Cal. April 18, 2007) ............................3
20

*Jumapao v. Wash. Mutual Bank,*
21   2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) .............................6

22 *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
   342 U.S. 180 (1952) ............................................................8
23

*Nakash v. Marciano,*
24   882 F.2d 1411 (9th Cir. 1989) ...............................................4, 6

25 *Pacesetter Sys., Inc. v. Medtronics, Inc.,*
   678 F.2d 93 (9th Cir. 1982) ..............................................1, 3, 8
26

*Pacific Gas and Elec. Co. v. Lange Distributor, Inc.,*
27   2005 WL 3507968 (E.D. Cal. Dec. 21, 2005) ............................5

28

ii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Panasonic Corp. v. Patriot Scientific Corp.,*
2006 WL 709024 (N.D. Cal. Mar. 16, 2006) ........................................................1

*Peak v. Green Tree Financial Servicing Corp.,*
2000 WL 973685 (N.D. Cal. July 7, 2000) ......................................................2, 8

*Persepolis Enterprise v. UPS,*
2007 WL 2669901 (N.D. Cal. Sept. 7, 2007) ........................................................2

*Ross v. U.S Bank Nat'l Assoc.,*
542 F.Supp.2d 1014 (N.D. Cal. 2008) .................................................................4

*Stemcells, Inc. v. Neuralstem, Inc.,*
2008 WL 2622831 (N.D. Cal. July 1, 2008) ........................................................4

*Tamara Grabowski, On Behalf of Herself, All Others Similarly
Situated and the General Public v. Skechers U.S.A., Inc.,*
Case No. 10CV1300-JM (WVG) ...............................................................4, 5, 7

*Tompkins v. Basic Research LLC,*
2008 WL 1808316 (E.D. Cal. April 22, 2008) ..................................................3, 6

*Ward v. Follett Corp.,*
158 F.R.D. 645 (N.D. Cal. 1994) ........................................................................2

*Weinstein v. Metlife,*
2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ....................................................2, 4

*Wright v. RBC Capital Markets Corp.,*
2010 WL 2599010 (E.D. Cal. June 24, 2010) ......................................................2

## Statutes

Cal. Bus. & Prof. Code § 17208 ............................................................................5

## Other Authorities

Cal. Jur.3d Actions § 284.....................................................................................4

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Skechers U.S.A., Inc. ("Skechers") brings this motion because it has been sued in two separate actions on behalf of the same purported class, involving the same purported conduct relating to Skechers' popular Shape-ups® shoes, alleging the same purported statutory violations and same causes of action, and seeking the same relief.  The first-filed class action (the "*Grabowski* action") is pending in the United States District Court for the Southern District of California.  The second-filed class action (the "*Stalker* action") is pending before this Court.

In the Ninth Circuit, a second-filed action involving the same parties and claims as an earlier-filed action should be dismissed without prejudice.  Doing so serves both the interests of comity and efficiency, as permitting the second-filed case to continue would waste judicial resources, needlessly proliferate piecemeal litigation, and create the potential for conflicting judgments.  If for any reason the Court elects not to dismiss this action, then Skechers alternatively requests that this case be stayed or transferred to the Southern District for disposition.

## II.   THE FIRST-TO-FILE RULE PREVENTS A SECOND-FILED ACTION, SUCH AS THIS CASE, FROM PROCEEDING

The first-to-file rule prevents a subsequent action from proceeding "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronics, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).  The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Panasonic Corp. v. Patriot Scientific Corp.*, 2006 WL 709024, at *2 (N.D. Cal. Mar. 16, 2006).  The rule "was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* at 625 (quoting *Church of Scientology v. United States Dep't of the*

1

1  *Army*, 611 F. 3d 738, 750 (9th Cir. 1979)) (alteration in orig.); *see also*

2  *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)

3  (first-to-file rule is intended to "promote efficiency and to avoid duplicative

4  litigation and thus it should not be lightly disregarded").  The first-to-file doctrine

5  applies to both individual and class actions.  *See, e.g., Wright v. RBC Capital*

6  *Markets Corp.*, 2010 WL 2599010 (E.D. Cal. June 24, 2010) (second-filed class

7  action dismissed pursuant to the first-to-file rule); *Weinstein v. Metlife*, 2006 WL

8  3201045 (N.D. Cal. Nov. 6, 2006) (stay of second-filed class action granted

9  pursuant to first-to-file rule); *Persepolis Enterprise v. UPS*, 2007 WL 2669901

10 (N.D. Cal. Sept. 7, 2007) (stay of second-filed class action granted pursuant to first-

11 to-file rule).

12        In applying the first-to-file rule, the Court examines three factors:  (1) the

13 filing dates of the two actions; (2) the similarity of the parties; and (3) the similarity

14 of the issues.  *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994);

15 *Alltrade*, 946 F.2d at 625.  The first element is largely self-explanatory.  As for the

16 latter two elements, neither requires complete identity of the parties or claims.

17 Instead, the first-to-file rule "is satisfied when [the two cases] are 'substantially

18 similar.'"  *Inherent.com*, 420 F. Supp. 2d at 1097; *see also id.* (noting that "strict

19 identity of parties [is not required] for the first-to-file rule to apply").   If the first-to-

20 file rule applies, the court presiding over the second-filed case may dismiss the

21 matter, issue a stay, or transfer the case to the first-filed court for disposition.

22 *Alltrade*, 946 F.2d at 622.

23        Of the three options, dismissal is appropriate where the parties, claims, and

24 factual allegations are near-identical because the court presiding over the first-filed

25 action can provide full and adequate relief to the plaintiffs in the second-filed

26 action.  *See, e.g., Intersearch Worldwide Ltd. v. Intersearch Group, Inc.*, 544

27 F.Supp.2d 949, 963 (N.D. Cal. Mar. 19, 2008) (citing *Alltrade*, 946 F.2d at 627-28);

28 *Peak v. Green Tree Financial Servicing Corp.*, 2000 WL 973685 at *2 (N.D. Cal.

1    July 7, 2000) (finding dismissal appropriate when proposed class was "identically

2    defined" and the "alleged offending behavior" was "the same in both cases");

3    *Tompkins v. Basic Research LLC*, 2008 WL 1808316 at *6 (E.D. Cal. April 22,

4    2008) (finding dismissal inappropriate because second-filed suit included CLRA

5    claim and accompanying CLRA-related determination of relief not contained in

6    first-filed suit).

7         Alternatively, a stay or transfer will be appropriate where adjudication of the

8    first-filed case may not completely dispose of claims in the second-filed suit, such

9    as when complete identity of the parties or issues is lacking or concern exists about

10   the availability of remedies in the first-filed court. *See Persepolis*, 2007 WL

11   2669901 at *2 (transferring second-filed action due to lack of complete identity

12   between parties and factual allegations); *Tompkins*, 2008 WL 1808316 at *6

13   (transferring second-filed action because CLRA claim in second-filed action not

14   pled in first-filed action); *see also Alltrade,* 946 F.2d at 627-29 (noting propriety of

15   stay where dismissal may present statute of limitations issues).

16        As set forth below, dismissal is appropriate here because the second-filed

17   *Stalker* action is indistinguishable in any material respect from the first-filed

18   *Grabowski* action.

19   **III.   THIS ACTION SHOULD BE DISMISSED IN LIGHT OF THE FIRST-
          FILED *GRABOWSKI* ACTION PENDING IN THE SOUTHERN
20        DISTRICT**

21        **A.   *Grabowski* Was Filed First in Time**

22        As to the first factor, the *Grabowski* action pending in the Southern District

23   indisputably was filed first in time.  To determine which of two actions was "first

24   filed," courts simply look to the time and date that the first complaint was *filed*.

25   *Pacesetter*, 678 F.2d at 93.  A difference of only minutes or hours is sufficient to

26   confer first-filed status.  *See Intuitive Surgical v. California Inst. of Tech.*, 2007 WL

27   1150787 at *1 (N.D. Cal. April 18, 2007) (applying first-to-file rule where first

28   action was filed two hours earlier); *Stemcells, Inc. v. Neuralstem, Inc.*, 2008 WL

1   2622831 at *1, 4 (N.D. Cal. July 1, 2008) (same); *Alltrade*, 946 F.2d at 624

2   (applying first-to-file rule where first-filed action was filed one day earlier).

3        Here, the two actions were filed two weeks apart.  The class action entitled

4   *Tamara Grabowski, On Behalf of Herself, All Others Similarly Situated and the*

5   *General Public v. Skechers U.S.A., Inc.*, Case No. 10CV1300-JM (WVG), was filed

6   in the Southern District of California on June 18, 2010.  (Declaration of Jeffrey A.

7   Barker ("Barker Decl."), Ex. A (*Grabowski* Complaint).)  Plaintiff Sonia Stalker did

8   not initiate her purported class action until July 2, 2010, when she filed a complaint

9   in the Los Angeles County Superior Court entitled *Sonia Stalker, On Behalf Of*

10  *Herself, All Others Similarly Situated, And The General Public v. Skechers U.S.A.,*

11  *Inc.*, Civil Case No. BC440890.  (*Id.*, Ex. C (*Stalker* Complaint).)  Skechers

12  removed the *Stalker* action to this Court on July 23, 2010.  (*Id.*, Ex. D (Removal

13  Notice).)

14       **B.**    <u>**The Parties Are Substantially Identical**</u>

15       The second factor—similarity of the parties—also is met.  "[T]he first-to-file

16  rule does not require strict identity of parties, but rather substantial similarity."

17  *Adoma v. Univ. of Phoenix, Inc.*, 2010 WL 1797263, *4 (E.D. Cal. May 3, 2010);

18  *Alioto v. Hoiles*, 2004 WL 2326367, *5 (N.D. Cal. Oct. 12, 2004) ("Exact

19  parallelism between the two actions need not exist; it is enough if the parties . . . in

20  the two actions are 'substantially similar.'") (quoting *Nakash v. Marciano*, 882 F.2d

21  1411, 1416 (9th Cir. 1989)); *Inherent.com*, 420 F. Supp. 2d at 1097 ("[S]trict

22  identity of the parties [is not required] for the first-to-file rule to apply.").  In the

23  class action context, the relative inquiry concerns the similarity of the claimed

24  putative classes, not the individual class representatives.  *Ross v. U.S Bank Nat'l*

25  *Assoc.*, 542 F.Supp.2d 1014 (N.D. Cal. 2008) (citing Cal. Jur.3d Actions § 284);

26  *Adoma*, 2010 WL 1797263 at *4; *Weinstein*, 2006 WL 3201045, at *4; *Benson v.*

27  *JPMorgan Chase Bank*, 2010 WL 1445532, at *2 (N.D. Cal. April 7, 2010) ("The

28

1    fact that the class representative . . . is different from the class representatives in the

2    pending actions is immaterial.").

3         Here, both the *Grabowski* and *Stalker* actions involve the same defendant,

4    Skechers U.S.A., Inc. (*Grabowski* Compl. ¶ 7; *Stalker* Compl. ¶ 13). The proposed

5    class descriptions are also functionally identical. In the first-filed action, Ms.

6    Grabowski claims to represent a class of:

7         All persons who purchased SKECHERS Shape-ups® branded
8         footwear in the United States. Excluded from the Class are
          defendant and its officers, directors and employees and those who
9         purchased SKECHERS Shape-ups® branded footwear for the
10        purpose of resale.

11   (*Grabowski* Compl. ¶ 32). In the second-filed action, Ms. Stalker claims to

12   represent a class of:

13        All persons in the United States who purchased Shape-Ups.
14        Excluded from the Class are DEFENDANTS; DEFENDANTS'
          officers, directors and employees; and those who purchased
15        Shape-ups for the purpose of resale. The class period dates back
16        four years from the filing of this complaint.

17   (*Stalker* Compl. ¶ 35).

18        There is no meaningful difference between these definitions. Both actions

19   seek certification of a nationwide class of individuals consisting of Shape-ups®

20   purchasers, excepting Skechers' officers, directors, and employees. The reference

21   to a four-year limitation in the *Stalker* has no practical or legal effect because (1) the

22   longest potentially applicable statute of limitations in *both actions* is four years; and

23   (2) the *Grabowski* action purports to cover the entire time period that Shape-ups®

24   have been on the market (which is approximately two years). *Grabowski* Compl. ¶¶

25   8, 10, 12; *see generally* Cal. Bus. & Prof. Code § 17208; *Pacific Gas and Elec. Co.

26   *v. Lange Distributor, Inc.*, 2005 WL 3507968 at *6 (E.D. Cal. Dec. 21, 2005) ("Any

27   action on any UCL cause of action is subject to the (§ 17208) four-year period of

28   limitations.") (quotations omitted).

                                          5

1    In short, the substantial similarity requirement is met because there is

2 complete identity of defendants and the claimed *Stalker* class is encompassed within

3 the claimed *Grabowski* class. *See Tompkins*, 2008 WL 1808316 at *2, *6 ("While

4 the Utah action includes plaintiffs in addition to California consumers, this does not

5 negate a finding of substantial similarity. So long as California consumers are

6 represented in both actions, the risk of inconsistent judgments remains.

7 Accordingly, the court finds that the parties in the two actions are substantially

8 similar.").

9    **C.    The Claims and Factual Allegations Are Substantially Similar**

10    The same factual allegations and claims are also at issue in both *Grabowski*

11 and *Stalker*. The first-to-file doctrine does not require absolute identity of

12 substantive claims. Rather, "a sufficient similarity of issues" is all that is required.

13 *Intersearch*, 544 F. Supp. 2d at 959; *see also Adoma*, 2010 WL 1797263, *4 ("[I]t

14 has been held that for the first-to-file rule to apply, the issues need not be identical.

15 Rather, the issues need only be 'substantially similar.') (citation omitted); *In re*

16 *Com21, Inc.*, 357 B.R. 802, 808 (N.D. Cal. 2006) ("[W]here key issues overlap and

17 the resolution of one case could affect the resolution of the other, the first to file rule

18 should apply to further the rule's underlying interest in judicial economy."); *Alioto*,

19 2004 WL 2326367, at *5 (quoting *Nakash*, 882 F.2d at 1416 ("Exact parallelism

20 between the two actions need not exist; it is enough if . . . issues in the two actions

21 are 'substantially similar.'")). Sufficient substantial similarity exists where the two

22 cases assert identical or analogous claims and rest on identical factual allegations.

23 *Jumapao v. Wash. Mutual Bank*, 2007 WL 4258636, at *2 (S.D. Cal. Nov. 30,

24 2007); *see also Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*, 2006 WL

25 1305235 at *1 (N.D. Cal. May 11, 2006).

26    Here, the claims in *Grabowski* and *Stalker* are not merely analogous—they

27 are substantively identical. The gravamen of Ms. Grabowski's first-filed action is

28 that "SKECHERS stated and continues to state that Shape-ups® provide major

6

1    health benefits, including reducing knee and joint stress, toning muscles, promoting

2    weight-loss, improving posture, improving blood circulation, tightening abdominal

3    muscles, strengthening and firming back muscles, firming leg muscles and firming

4    calf muscles." (*Grabowski* Compl. ¶ 12.)  The heart of Ms. Stalker's complaint is

5    identical, challenging alleged statements by Skechers that wearing Shape-ups®

6    "'Improves blood circulation,' 'Tightens abdominal muscles,' 'Firms leg muscles,'

7    'Reduces knee joint stress,' 'Improves posture,' 'Strengthens and firms the back

8    muscles,' 'Firms calf muscles,' 'Firms buttocks muscles'; and 'Tones and firms

9    thigh muscles.'" (*Stalker* Compl. ¶ 6.)  In addition, both complaints take issue with

10   clinical studies cited by Skechers as support for its advertising concerning the

11   benefits of Shape-ups® footwear. (*Compare* Grabowski Compl. ¶¶ 24-25 *with*

12   Stalker Compl. ¶¶ 30-31).

13          As for the causes of action pled, Ms. Stalker alleges in her second-filed

14   complaint violations of California's Unfair Competition Law ("UCL") and

15   Consumers Legal Remedies Act ("CLRA"), seeks restitution, declaratory and

16   injunctive relief, attorneys' fees and costs, and reserves the right to assert a damages

17   claim pursuant to the notice provisions of the CLRA. (*Stalker* Compl. ¶¶ 44-62,

18   Prayer for Relief).  Ms. Grabowski in the first-filed action alleges the identical

19   causes of action, an additional claim for breach of express warranty, and seeks the

20   same relief under the UCL and the CLRA. (*Grabowski* Compl. ¶¶ 40-62, Prayer for

21   Relief).  Where, as here, the first-filed action subsumes the claims of the second-

22   filed action, the similarity of issues requirement is met. *See Alltrade*, 946 F.2d 946

23   (affirming district court's finding that first-to-file rule applied, even though the first-

24   filed action involved some additional claims and parties not pled in second-filed

25   action).

26

27

28

MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY OR TRANSFER PROCEEDINGS
CASE NO. 2:10-cv-05460-SJO (JEM)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.   Where, as Here, There Is a Complete Identity of Parties and Issues, Dismissal Is Appropriate**

Because the second-filed *Stalker* action is completely subsumed within the first-filed *Grabowski* action, the District Court for the Southern District of California will have jurisdiction over all parties, the ability to dispose of all issues and claims pled, and resolve any potential class issues on behalf of the entire claimed class.  Dismissal therefore is appropriate.[1]  *See Peak,* 2000 WL 973685 at *2 (dismissing second-filed case because proposed class was "identically defined" and the "alleged offending behavior" was "the same in both cases").

If this Court declines to dismiss, a stay or transfer to the Southern District is permissible.  But unlike a stay or transfer—both of which permit this duplicative and redundant case to continue—dismissal best serves the policies underlying the first-to-file rule, in that it would avoid any further duplicative litigation here or in the Southern District, conserve judicial and party resources, and eliminate any possibility of a conflicting judgment.  *See Alltrade,* 946 F.2d at 628-29; *Pacesetter,* 678 F.2d at 94-95; *see generally Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183-84 (1952).

---

[1] Limited exceptions to the first-to-file rule exist, but none is applicable here.  "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping," *Alltrade,* 946 F.2d at 628 (citations omitted).  These exceptions are narrowly construed and rarely invoked because, as the Ninth Circuit explains, the "first-to-file rule . . . should not be disregarded lightly."  *Id.* at 625.  Here, the *Grabowski* case was initiated by a well known plaintiff's firm, Blood Hurst & O'Reardon, LLP, two weeks before Ms. Stalker sent even her Consumer Legal Remedies Act notice letter, so there is no argument that Skechers caused the first-filed action to be brought in "bad faith," in "anticipation" of this second-filed action, or to forum-shop.  (*See* Barker Decl., Exs. A, B.)

1

## IV.    CONCLUSION

2

For the reasons explained above, Skechers respectfully requests that this

3

action be dismissed without prejudice.  Alternatively, Skechers requests that this

4

action be stayed or transferred to the Southern District of California.

5

Dated:    August 23, 2010                    O'MELVENY & MYERS LLP

6

7

By:  /s/ Daniel M. Petrocelli

8

Daniel M. Petrocelli

9

Attorneys for Defendant

10

SKECHERS U.S.A., INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9